*Fairfield.*<br>June,<br>1825.

Betts<br>*v.*<br>Starr.

I know of no case, which comes more properly within the rule than the present. In every case of mortgage, the debt is the principal thing, and the land and the securities, are mere incidents to the debt. When the debt is extinguished, the land in equity belongs to the mortgagor. I see no use or propriety, in suffering the legality of this debt to be questioned, after being once directly decided, in every case where the creditor finds it necessary to resort to law to get possession of the collateral securities. The existence and legality of this debt have been once directly settled, by a court of competent jurisdiction; from whose decision the defendant might have appealed, if he had just cause of complaint. But having neglected to do this, the judgment of the county court is binding, and conclusive. *Marriott* v. *Hampton,* 7 *Term Rep.* 269. *Peake's Evid.* 34. 11 *State Trials,* 261.

I would, therefore, direct, that the rule to shew cause be discharged.

HOSMER, Ch. J. and PETERS, J. were of the same opinion; BRAINARD, J. being absent.

New trial not to be granted.

---

## RAYMOND *against* SMITH and others.

An escrow is a deed delivered to a third person, to be delivered over to the grantee, upon a future condition to be performed by either party.

Thus, where a deed, in pursuance of an agreement between the parties, was deposited with a third person, to be delivered back to the grantor, in case he should give the grantee certain security for a debt, within the time limited, otherwise to be delivered over to the grantee; it was held, that this was an escrow, subject to the agreement of the parties, until the expiration of the time limited.

*Fairfield,*
June,
1825.

Raymond
*v.*
Smith.

The conditions, on which a deed is placed in the hands of a depositary, while they remain executory, may be varied, by a parol agreement of the parties; and such conditions and variations may be proved by parol evidence.

An agreement between the parties to a former executory agreement to enlarge the time of performance, does not require a new and distinct consideration to support it.

This was a bill in chancery to redeem mortgaged premises, and for an account of rents and profits.

The bill stated the following case. On the 26th of *December*, 1818, the plaintiff, being indebted to *Joseph Smith*, in the sum of 904 dollars, 34 cents, in pursuance of an agreement between them, made his promissory note for that amount, payable to *Stephen Smith*, a son of *Joseph*, on demand, with interest; and to secure the payment of such note, mortgaged to *Stephen* three pieces of land in *New-Canaan*. On the 1st of October, 1821, *Stephen Smith* brought an action of ejectment against the plaintiff for the possession of the mortgaged premises; in *December*, 1822, he recovered judgment; and the plaintiff, by virtue of an execution issued on that judgment, was, in *May*, 1823, put out of possession.

Previous to the levy of the execution, *viz.* on the 10th of *April*, 1823, it was agreed between the plaintiff and *Stephen Smith*, that the plaintiff should execute a deed to *Stephen* of his right of redemption, and lodge it in the hands of *Nathan Seeley* Esq. of *New-Canaan*; and that if the plaintiff would, at any time during that month, obtain *Holly Hanford*, or *Edward Nash*, or *Thomas Reed*, to become his surety in a note to be given by him to *Stephen Smith*, for the sum due on the first mentioned note, together with the taxable costs in the action of ejectment and on a bill for foreclosure then pending, *Stephen Smith* would give the plaintiff day of payment on such note, until two years from the date thereof; and that, on the expiration of that term, the plaintiff might take back from *Seeley* the deed so to be executed; but if the plaintiff should not obtain such surety within the time specified, then *Seeley* was to deliver the deed to *Stephen Smith*. Pursuant to this agreement, the plaintiff immediately executed a deed of his right of redemption, and lodged it in the hands of *Seeley*. On the last day of *April*, *Stephen Smith* consented and agreed with the plaintiff, to extend the time originally agreed upon for the purpose above-mentioned, so as to embrace the third day of *May* following; and the plaintiff, confiding in the latter agreement, did not procure the stipulated surety within the month of *April*; but on the third day of *May*, he procured and offered to *Stephen Smith*, *Edward*

*Nash*, as his, the plaintiff's, surety, who consented to become such. *Stephen Smith* then refused to accept the surety offered ; and, without the assent or knowledge of the plaintiff, took from *Seeley* the deed lodged in his hands, and procured it to be recorded.

On a hearing before the superior court, at *Fairfield*, *December* term, 1824, the plaintiff offered to prove these facts, by parol evidence ; to which the defendants objected ; and the court rejected it. The plaintiff, excepting to this decision, moved for a new trial.

*N. Smith*, and *C. Hawley*, in support of the motion, contended, 1. That the plaintiff's release of his equity of redemption was only an *escrow*. There was no legal delivery of it *as a deed*. The deposite with *Seeley*, was not such a delivery. The depositary had no right to deliver over the instrument, and *Stephen Smith* had no right to take it, except in a certain event, *viz.* the failure of the plaintiff to procure the stipulated security within the time prescribed. If this event had taken place, and the writing had been properly delivered over, it would have taken effect only from such delivery over. *Frost* & al. v. *Beekman*, 1 *Johns. Chan. Rep.* 288. 297. Until such delivery over, then, it was not, and could not be, the deed of the plaintiff.

2. That the original condition being by parol, it might be varied by parol ; and being so varied, parol evidence was, of course, admissible to prove the alteration ; for it could be proved in no other way. The parties to a parol executory agreement may always rescind or vary it by parol, previous to the time of execution ; and the evidence to shew an abandonment or variation of an agreement may be of the same nature as that of the agreement. *Couch* v. *Meeker*, 2 *Conn. Rep.* 302. 304. *Phill. Evid.* 444. And it has been decided, in relation to *written* agreements, and even as to *bonds*, that the performance may be waived, or the time of performance enlarged, by a parol agreement of the parties. *Keating* v. *Price*, 1 *Johns. Cas.* 22. *Fleming* v. *Gilbert*, 3 *Johns. Rep.* 528. *Phill. Evid.* 450. 1 *Pow. Contr.* 427, 8.

3. That the plaintiff was entitled to relief, on the ground that *Stephen Smith* obtained his deed from *Seeley*, by the practice of a deceit. Chancery will let him in to redeem, notwithstanding his release of the equity of redemption, if that was unfairly obtained. 2 *Swift's Dig.* 93, 4, 5. 101.

*Sherman* and *Bissell*, contra, contended, 1. That the evidence offered by the plaintiff, was inadmissible, as going to controul the deed. The case shews, that the instrument, upon delivery to *Seeley*, became the *deed* of the party, and took effect *presently*. Delivery lies in parol, and of course, *that* may be proved by parol. The directions, given by the grantor, at the time of the delivery, constitute a part of the delivery ; and may, therefore, with perfect propriety, be shewn, to controul or modify the delivery. But no declaration, conversation or agreement of the parties, not accompanying the delivery, can be received to affect it ; because they do not constitute a part of the *res gesta ;* and a title once passed, by a deed delivered, cannot be divested, by any subsequent act or agreement, short of a formal reconveyance. *Botsford* v. *Morehouse*, 4 *Conn. Rep.* 550. The delivery of a deed is an act consumated at once—a *punctum temporis*. It cannot be made good or inoperative, by conversations between the parties, from day to day, while the instrument lies in the hands of a depositary. It must be a deed or an escrow, the moment it is put into his hands. But this instrument was not an escrow ; because it was not to be delivered over to the grantee on his doing something, or on the happening of some event ; but the *grantor* was to have liberty to take it back, on *his* doing a certain act, within a time specified. 1 *Swift's Dig.* 179. *Belden* v. *Carter*, 4 *Day* 66. *Wheelwright* v. *Wheelwright*, 2 *Mass. Rep.* 447. 452, 3. *Perk. sect.* 143. 144. *Phill. Evid.* 433. 437. *Hoare* & al. v. *Graham*, 3 *Campb.* 57.

2. That the promise of *Stephen Smith* to extend the time of performance, was without consideration. He was to gain nothing by it. The plaintiff was to do nothing on his part.

3. That the plaintiff was not entitled to relief, on the ground of fraud. There is no averment in the bill, that the plaintiff was prevented from performance on his part, by fraud ; and he offered no evidence of fraud, aside from the non-performance of the parol agreement in question.

*N. Smith*, in reply to the argument derived from want of consideration, said, that the enlargement of the time was for the mutual accommodation of the parties ; *Smith* having as much interest in receiving, as the plaintiff had in giving, the stipulated security. No principle or decided case requires a new and distinct consideration for an agreement to enlarge the time of performance of an executory contract, before there has been a breach. *Brown* v. *Goodman*, 3 *Term Rep.* 592. n. 1 *Pow. Contr.* 427.

PETERS, J. Three questions arise in this case, 1. Was the plaintiff's release of his equity of redemption, an absolute deed, or an escrow? 2. Was parol evidence admissible to prove the agreement relative to this instrument, or the prolongation thereof? 3. Was a consideration essential to the validity of this agreement?

1. An escrow is a deed delivered to a third person, upon a future condition to be performed by either party. It must be delivered to a stranger, and the condition mentioned. *Jacob's L. Dict. verb.* Escrow. 2 *Roll. Abr.* 25. *tit.* Faits. M. *Shep. Touch.* 59. *Bushell* v. *Passmore*, 6 *Mod.* 217. If depositing the deed in the hands of *Seeley,* was a delivery, it took effect presently, and the title vested indefeasibly. If it was an escrow, it was subject to the agreement of the parties, and did not become a deed until the grantor failed to give a new note with surety, within the time specified. During that period, the deed remained in the hands of the depositary, as the agent of the grantor, to become void or valid at his election, by giving or refusing a new note, according to the agreement of the parties. "If a man," says *Perkins*, (*sect.* 142.) command a scrivener, or other man, to write a deed, *viz.* an obligation, in my name, to *T. Downe,* and he doth so ; and after I seal the obligation, and command the scrivener to keep it, until certain indentures between me and the said *T. Downe*, containing certain conditions, be sealed and delivered ; and before it is so done, the said *T. Downe* takes the said obligation out of the possession of the scrivener, this obligation shall not bind the obligor."

2. The execution and delivery of a deed are matters *in pais ;* and, like all other facts, are proveable by witnesses. The conditions on which the deed was placed in the hands of the depositary, were necessarily mentioned by parol ; and while they remained executory, were variable, by mutual consent; for that which exists in parol, may be discharged by parol. *Eodem modo oritur, eodem modo dissolvitur.* And if such contract can be *dissolved* by parol, *a fortiori* it can be *varied* by parol. 1 *Pow. Contr.* 412, 427.

3. A consideration is essential to the validity of a contract or agreement to do, or not to do, a particular thing, or to transfer a vested right. But, in the present case, the grantee parted with no such right ; for he had acquired none. He had merely agreed to accept a new note with *sur ty,* in lieu of a deed, then an escrow, if the plaintiff chose to give it within a time limited, for which the new security was a sufficient consideration ; and

the variation of this agreement, while it remained executory, required no further consideration. At any rate, the defendant, *Stephen Smith,* obtained the deed from *Seeley* in violation of his plighted faith, of which he ought not to take advantage. The plaintiff ought, therefore, to be let in to redeem.

I advise a new trial.

HOSMER, Ch. J. was of the same opinion; BRAINARD, J. being absent.

BRISTOL, J. did not fully concur in the view of the case taken by Judge *Peters,* but came to the same result.

New trial to be granted.