(78 South. 865)
HARGETT v. HARGETT et al. (8 Div. 84.)

(Supreme Court of Alabama. Feb. 14. 1918. Rehearing Denied April 25, 1918.)

1. PARTITION ⬤≈46(1) — PARTIES — ESCROW DEED.

Where plaintiff, subsequent grantee from one of the owners, knew that a deed from the owners had been delivered in escrow, the grantee in such prior deed was a necessary party in partition suit.

2. ESCROWS ⬤≈13 — DELIVERY — RELATION BACK TO FIRST DELIVERY.

Where complainant knew of his grantor's prior contract to convey and of delivery of deed in escrow, and intermeddled for the purpose of

preventing such grantor from performing the prior contract, the deed delivered in escrow will be treated as relating back to the date of its execution and delivery in escrow.

Appeal from Circuit Court, Franklin County; C. P. Almon, Judge.

Bill by George W. Hargett against Daniel W. Hargett and others for the sale of land for division. Decree for respondents, and complainant appeals. Affirmed.

The defense was that before the bill was filed E. E. Hargett and wife, from whom complainant claims to have derived title to a one-third interest in the lands described, had executed and acknowledged a deed conveying all their interest in said lands to Robert and Hattie Devaney, and that at the time of the execution of the deed to complainant said E. E. Hargett and wife had no right, title, or interest in said lands to convey.

W. L. Chenault, of Russellville, for appellant. Travis Williams and William D. Stell, both of Russellville, for appellees.

ANDERSON, C. J. [1] The trial court denied the complainant relief and dismissed the bill of complaint, basing its reason upon the fact that the complainant had no title to or interest in the land, proceeding upon the evident theory that the deed to Devaney from Ellis E. Hargett had become effective before the said Ellis conveyed his interest in the land to the complainant. It may be conceded that the court was in error, and that the delivery of the Devaney deed to the grantor's agent, Thompson, was not such a complete and absolute delivery as would forbid a recall of same before Thompson delivered it to Devaney. Van Valkenburg v. Allen, 111 Minn. 333, 126 N. W. 1092, 137 Am. St. Rep. 561; Soward v. Moss, 59 Neb. 71, 80 N. W. 268; Wier v. Batdorf, 24 Neb. 83, 38 N. W. 22; Raymond v. Smith, 5 Conn. 555. Still the complainant could not maintain this bill against the present respondents, and in the absence of Devaney, a material and necessary party. The proof shows that this complainant knew of the sale of the land to Devaney, and that most of the owners had executed the deed to him, and while it had not been actually delivered to Devaney when the bill was filed, it had been fully executed and delivered as to all the owners, except perhaps Ellis E., who had revoked the agency of Thompson before the proof was taken and the cause was submitted for a decree. Not only were these facts known to the complainant when he got the deed from Ellis E. and filed this bill, but the answer expressly denied ownership of the respondents and set up the title and claim of Devaney.

[2] The deed having been finally delivered before the testimony was taken and the cause submitted for a decree, its effect related back to the date of the execution of the deed and the delivery of same to the agent Thompson. Ashford v. Prewitt, 102 Ala. 267, 14 South. 663, 48 Am. St. Rep. 37; Id., 90 Ala. 300, 7 South. 831. It is true this case deals with an escrow, as distinguished from a delivery to the grantor's agent, but Mr. Devlin states the rule to be as follows: "Between the same parties a deed may sometimes, for the furtherance of justice, be permitted, in its operation, to relate back to the time of a contract of purchase of the land conveyed by the deed; but this effect will not be given to it when wrong would thereby be done to strangers." Devlin on Deeds, vol. 1,, § 264.

We think this a fit case for the application. of this salutary rule, as this complainant is no innocent stranger who can be wronged by the said application. The proof shows that he knew all about the transaction, and voluntarily intermeddled for the purpose of preventing Ellis E. Hargett from performing his contract and in order to institute this litigation. The proof showing that Devaney was the owner of the land when the evidence was taken and before the cause was submitted for a decree, and the complainant, having notice of all the facts connected with the transaction, should have made said Devaney a party respondent, and was not entitled to a decree of partition.

In holding that the complainant may have acquired the technical legal title to the interest of Ellis E. Hargett, we do not mean to hold that Devaney has not an equity that would prevail over said legal title, as for a performance by Ellis E. of his contract to sell, if appropriately invoked, which no doubt would have been done had Devaney been made a party to this suit. While the trial court may have erred in holding that the complainant had no title or interest in the land, it did not err in the conclusion and result, and the decree denying relief and dismissing the bill is affirmed.

Affirmed.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.