163 So. 651

### ST. PAUL FIRE & MARINE INS. CO. OF ST. PAUL, MINN., v. CRUMP.
7 Div. 279.

Supreme Court of Alabama.
Oct. 17, 1935.

128

Coleman, Spain, Stewart & Davies and Frank M. Young, all of Birmingham, and O. R. Hood, of Gadsden, for appellant.

W. M. Rayburn, of Gadsden, for appellee.

THOMAS, Justice.

Suit for the collection of insurance on a dwelling in which plaintiff was first mortgagee.

The complaint averred, among other things, that the dwelling was "insured for said sum ($1,750.00) against loss or injury by fire in a policy of fire insurance designated and numbered as FD 5244, with loss payable clause therein in favor of and payable to plaintiff, as mortgagee, for the term of one year, which said dwelling house so insured was wholly and completely destroyed by fire on the evening of November 11th, 1932, of which the defendant has had notice, yet said defendant fails and refuses to compensate plaintiff therefore in accordance with the terms of said contract which is the basis of this suit. Plaintiff further alleges and avers that said contract of fire insurance upon which this suit is grounded is the property of plaintiff and that she has paid the premium therefor, and that said policy provides among other things as follows, to-wit: 'Loss or damage, if any, under this policy shall be payable to Mrs. Julia Crump, Steele, Alabama, as first mortgagee, as interest may appear, and this insurance, as to the interest of the mortgagee only therein shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property,' etc."

We have examined the several grounds of demurrer directed to a proper declaration of insurable interest, and find no error of the trial court when tested by our recent cases of Girard Fire & Marine Ins. Co. et al. v. Gunn, 221 Ala. 654, 661, 130 So. 180; Gunn v. Palatine Ins. Co., Limited, of London, England et al., 227 Ala. 245, 149 So. 672; Globe & Rutgers Fire Ins. Co. v. Pappas et al., 219 Ala. 332, 122 So. 346; National Fire Ins. Co. of Hartford v. Tennessee Land Co., 224 Ala. 113, 139 So. 227; Capital City Insurance Co. v. Jones, Assignee, 128 Ala. 361, 30 So. 674, 86 Am. St. Rep. 152. They sufficiently declared ownership of the policy, and that an insurable interest reposed in plaintiff at the time the policy issued and the suit was brought.

There is one ground of demurrer that requires further consideration: Was the complaint demurrable for not averring that there was a balance still due and owing on the mortgage and the amount of such balance? In our most recent case of London & Scottish Assur. Corporation of London, England v. Smith, 229 Ala. 556, 158 So. 892, such averment was declared · to be necessary. Apt ground of demurrer was assigned to this defect, and it would appear from the last-cited case that the trial court erred in not sustaining this ground of demurrer. Capital City Insurance Co. v. Jones, Assignee, supra; Carpenter v. The Providence Washington Insurance Co., 16 Pet. 495, 10 L. Ed. 1044.

The material issues of fact were stated by the trial court to the jury, viz., whether or not the plaintiff had an insurable interest in the property, and whether the amount of the insurance was reduced before the fire by defendant under contract from $1,750 to $1,253.

The first issue of fact was found for plaintiff on her assertion of an insurable interest, and is well supported by the evidence. The amount of the judgment would indicate that the reduction in the amount of insurance as contended by defendant was allowed the defendant.

We think the trial court properly submitted the controverted issues of fact to the jury. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135.

A conflicting tendency may be presented by direct and cross-examination of one witness. Jones et al. v. Bell, 201 Ala. 336, 77 So. 998.

The evidence indicates that on July 29, 1932, the Chisenhalls, this plaintiff and

husband, entered into an escrow agreement of sale and purchase of the premises; that a deed and mortgage were properly executed by the respective parties as to conveyance of title and securing of the purchase price; that the instruments were placed in escrow; that a policy of fire insurance was taken out by plaintiff with appellant to secure her interest as mortgagee and that for the purchase price. This was all done with good faith, and the purchasers were put in possession of the property, the subject of such sale, security and insurance. The purchasers immediately repaired the property and otherwise exercised rights, full control, ownership, and management thereof.

The policy declared upon and in evidence recited: "In consideration of the stipulations herein named and of Fourteen and 53/100 Dollars premium does insure Etta Chisenhall, for the term of one year from the 20th day of August, 1932, at noon, to the 20th day of August, 1933, at noon, against all direct loss or damage by Fire and Lightning, except as hereinafter provided, to an amount not exceeding Seventeen Hundred Fifty and no/100 Dollars to the following described property while located and contained as described herein, and not elsewhere, to-wit;" and further recited that "Loss or damage, if any, under building items of this policy, shall be payable as herein specified to the mortgagee (or trustee), as interest may appear, and this insurance, as interest may appear, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property." It is further provided that "This Company reserves the right to cancel this policy at any time as provided by its terms," and that "Loss or damage, if any, under this policy, shall be payable to Mrs. Julia Crump, Steele, Ala., as first mortgagee (or trustee), as interest may appear, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy; Provided, that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand, pay the same."

It is shown that the policy was of date of August 20, 1932, and the property was totally destroyed by fire on November 11, 1932, while the policy was in full force and effect, and while the deed and mortgage were in the hands of the escrow agent to await payment of the $250 stipulated to be paid, etc. These facts did not defeat the mortgagee's right to recover a sum that did not exceed the amount due on the purchase mortgage. That is, she purchased the insurance from the executive authority of defendant, who had full knowledge of the facts and placed on the property the binding insurance in force before the date of the escrow second delivery that was prevented by the destruction of the property.

The foregoing is sufficient. However, there is the rule of relation back to the first delivery to protect the just and true interests of the parties respectively, which have been affected by destruction of a building by fire. 22 C. J. 890; 10 R. C. L. pages 628, 640; Ashford v. Prewitt et al., 102 Ala. 264, 14 So. 663, 48 Am. St. Rep. 37. It will be borne in mind that no question is presented, where intervening rights of strangers are affected. Devlin on Deeds, vol. 1, § 264; Hargett v. Hargett et al., 201 Ala. 511, 78 So. 865. The house was destroyed by fire before the first payment was due, according to the escrow agreement, and the agreed fact of the date of the fire.

In view of another trial, we may say that the burden of proof was upon the plaintiff to show the mortgage indebtedness, as requested in the several refused charges that will be illustrated in charges 18, 19, 21, and 27. This was not covered by the oral charge of the court.

There was no error in instructing the jury that the burden of showing reduction of the amount of insurance was upon the defendant; and legal evidence to that end, as to the indorsement of reduction on the policy and notice thereof, was competent and available to defendant.

The judgment of the circuit court is reversed, and the cause is remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.