177 So. 308

## BEDSOLE v. STATE.

### 4 Div. 373.

Court of Appeals of Alabama.
Nov. 23, 1937.

J. N. Mullins, of Dothan, for appellant.
A. A. Carmichael, Atty. Gen., for the State.

SAMFORD, Judge.

When this case was called for trial in the circuit court, the defendant made a motion for continuance on the ground that two witnesses, duly summoned in his behalf, were not present. The motion was denied, and the defendant was placed upon trial.

Motions of this kind and character address themselves to the sound discretion of the court, and the appellate court will not interfere or review such rulings, unless it be made to appear that the trial judge grossly abused his discretion. No such abuse of discretion is made to appear in this record.

The evidence in this case, without dispute, discloses a carnal knowledge by the defendant with a girl under the age of 16. Under our statute (Code 1923, § 5411), the question of the girl's consent does not enter into the trial. And, while there is evidence from which the jury might have drawn a conclusion that the girl consented to the act, that fact would not excuse the defendant in this prosecution.

We have carefully examined this record, and find no error, and the judgment is affirmed.

Affirmed.

177 So. 353

## SNELLGROVE v. STATE.

### 4 Div. 388.

Court of Appeals of Alabama.
Nov. 23, 1937.

L. A. Farmer, of Dothan, for appellant.
A. A. Carmichael, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense of illegally having in possession "prohibited liquor."

The State's evidence made out every element of the offense charged. There was none opposed. The punishment inflicted was the minimum, under the law.

Without stultifying themselves, the jury could not have returned a verdict of acquittal.

So, misconduct on their part, even if it occurred—which we do not decide—could not have worked prejudice to appellant.

The judgment is affirmed.

Affirmed.