88 So.2d 793

Merle A. PARKINSON

v.

David James HUDSON.

6 Div. 994.

Supreme Court of Alabama.

June 21, 1956.

Rehearing Denied Aug. 2, 1956.

Geo. S. Brown and Robt. W. Smith, Birmingham, for appellant.

**6**

Huie, Fernambucq & Stewart, Birmingham, for appellee.

MERRILL, Justice.

Appellee instituted this action in the Circuit Court of Jefferson County under the provisions of the Employer's Liability Act, Title 26, § 326, Code 1940, seeking to recover damages for personal injuries. The complaint, in substance, charged that appellant furnished a defective truck to his employee, the appellee, and that appellee was injured thereby. To this complaint, as amended, appellant filed several pleas. Among them were (plea 1) the general issue, (plea 3) contributory negligence, assumption of risk and that it was the duty of the appellee to keep the truck in repair, (plea 7) contributory negligence and that appellee had the duty of keeping the truck in repair, (plea 8) that appellee was the agent of appellant entrusted with the duty of seeing that the truck was kept in proper condition and that he undertook to perform that duty, (plea 9) assumption of risk and same duty as plea 8.

The jury returned a verdict for $4,000 in favor of the appellee. From the judgment rendered pursuant to said verdict and the judgment overruling his motion for a new trial, appellant prosecutes this appeal.

The evidence discloses that appellee was employed by appellant in October, 1953, as a truck driver and a general laborer. He was not hired as a mechanic and did not purport to be able to perform repairs on the truck he was employed to drive. Appellant testified that appellee was given complete charge of the truck and was instructed that whenever any repairs were needed he was to take it to a designated garage where a mechanic would make the necessary repairs and that he had told appellee that it was appellee's responsibility to keep the truck repaired. On the other hand, there was also evidence to the effect that appellee was not given authority to effectuate any major repairs to the truck, and that while he was authorized to purchase gasoline, oil, etc., and charge same to appellant, he always conferred with appellant to receive instructions whenever any repairs of major proportion were necessitated.

Several assignments of error relate to the action of the trial court in refusing to give the general affirmative charge, both with and without hypothesis, for the appellant. It is contended the undisputed evidence showed that it was the duty and responsibility of the appellee to keep the truck in a proper state of repair. In view of this contention we detail other tendencies of the evidence of the appellee.

On January 19, 1954, appellee was instructed by appellant to make a trip to Georgia. He was to carry a load of coke to his destination and bring back a load of granite monuments. Appellee testified that shortly prior to his leaving on this trip, he and appellant had a discussion about the fact that the front wheels of the truck shimmied. In that discussion appellee stated that he thought the truck needed "bushings or something". He said Appellant stated that he thought the shimmying was caused by a worn tire and suggested that a new tire be put on the truck. He further stated that if the new tire did not eliminate the shimmying, then after appellee returned from the trip they would

have it repaired. A new tire was put on the truck and about 8:00 P.M. appellee left the city of Birmingham for Georgia. The wheels did not shimmy while in Birmingham but at some point after getting on the highway No. 78 the shimmying began again. Appellee continued on his journey and at a point some 100 miles from Birmingham, near Fruithurst in Cleburne County, he ran into a "fog pocket", applied the brakes, and, as he testified, "it seemed like they locked and pulled me off the road". The truck overturned and appellee suffered a severe injury to his hip. As can be noted from that portion of the evidence hereinabove set out, the evidence in regard to the duty and responsibility of the appellee is in conflict. The affirmative charge for appellant was properly refused. Mutual Life Ins. Co. v. Mandelbaum, 207 Ala. 234, 92 So. 440, 29 A.L.R. 649. 18A Alabama Digest, Trial, ☞ 143.

▆ Appellant further argues in his brief that he "was entitled to the general affirmative charge without hypothesis, his case being made out by the testimony of his opponent".

We have noted that some of the testimony of appellee was favorable to the defenses relied on by appellant; however, other portions of his testimony were favorable to himself.

A conflicting tendency of the evidence making a question for the jury may be presented by the direct and cross-examination of one witness. Ten Ball Novelty & Mfg. Co. v. Allen, 255 Ala. 418, 51 So.2d 690; Alabama Power Co.. v. Buck, 250 Ala. 618, 35 So.2d 355; St. Paul Fire & Marine Ins. Co. v. Crump, 231 Ala. 127, 163 So. 651; Jones v. Bell, 201 Ala. 336, 77 So. 998. In the case of Alabama Power Co. v. Buck, supra [250 Ala. 618, 35 So. 2d 356], it was stated:

"In determining the propriety of a general affirmative charge when requested by the defendant, the evidence favorable to the plaintiff must be accepted as true. New Morgan County

Building & Loan Ass'n v. Plemmons, 210 Ala. 286, 98 So. 12; Southern R. Co. v. Randall, 212 Ala. 41, 101 So. 661. And even if there was a conflict in the testimony of the plaintiff given on his direct examination and that given by him on cross-examination, this fact would not warrant the court in disregarding the testimony of the plaintiff. The jury had the right to determine which statement it would believe. Alabama Power Co. v. Byars, 236 Ala. 79, 181 So. 270; Spurlock v. J. T. Knight & Son, 244 Ala. 364, 13 So.2d 396."

▆ Appellant further contends that the case was allowed to go to the jury on a scintilla of evidence and that the lower court erred, on appellant's motion for a new trial, in refusing to set aside the verdict as being against the great weight of the evidence. In support of this contention appellant relies heavily on a statement by the trial judge that " * * * my idea is there is a scintilla." This statement was made by the judge at the conclusion of argument that appellant was entitled to the general affirmative charge.

Of course, the fact that the trial judge made the statement is not evidence that there is only a scintilla of evidence. We do not think the trial judge meant to intimate by this statement that he was of the opinion that only a scintilla of evidence existed. Had he been of such opinion, we are convinced that, experienced as he is in questions of this type, he would have granted the motion for a new trial if the verdict was contrary to the great preponderance or the great weight of the evidence, following the rule stated in Pollard v. Rogers, 234 Ala. 92, 173 So. 881; New York Life Ins. Co. v. Zivitz, 243 Ala. 379, 10 So. 2d 276, 143 A.L.R. 321; and Barber v. Stephenson, 260 Ala. 151, 69 So.2d 251.

We find no error in the action of the lower court in denying appellant's motion for a new trial on the grounds' that the verdict is against the great weight of the

evidence. Cobb v. Malone, 92 Ala. 630, 9 So. 738.

■■ Written charges number 3 and 18 refused to appellant are as follows:

"3. The court charges the jury that the employer does not insure his employees against risks, and risks incidental to the business the employer does not assume, and these risks must be borne by the employee himself."

"18. I charge you, gentlemen of the jury, that if you are reasonably satisfied from the evidence that the plaintiff in this case operated the truck involved knowing of its defective condition, and knew of the dangers incident to its use, and was injured thereby, he would not be entitled to recover against the defendant."

No prejudicial error resulted from the refusal of either of these charges. Charge 3, while stating a correct principle of law, is abstract. Appellee did not contend that appellant was his insurer nor did he contend that he as an employee did not assume the risks ordinarily incident to the business of his employer, the appellant.

Appellant's given charges number 11, 13, 19, 24 and 25 were concerned with and adequately explained the principles of law set forth in the refused charges. Moreover, the oral charge of the court covered the matter contained in the refused charges.

■ On voir dire examination, the prospective jurors were asked by counsel for appellee if "any of you have ever been plaintiffs in a lawsuit where you were suing to recover for personal injuries? Have any of you ever been plaintiffs whereby you were suing or seeking to recover damages for personal injuries?" The juror Robinson replied that he had been a plaintiff in an action for personal injuries in 1946 and that such action arose out of an airplane accident. No further questions along this line were posed and the juror

Robinson was allowed to serve. After both parties had rested their case, appellant's counsel discovered that in 1950 the juror Robinson had been a plaintiff in an action whereby he sought to recover damages for loss of his wife's services and that this action arose out of an automobile-bus collision in which his wife had sustained personal injuries.

Appellant contends that the failure of this juror to disclose this information deprived him of his right to advisedly strike the jury and that the trial court erred in overruling his motion for a mistrial and his motion for a new trial based on this matter.

A party in either a civil or criminal case has the right to examine jurors as to bias which would affect the trial of the case. Title 30, § 52, Code of Alabama, 1940. Upon such examination the party is entitled to truthful answers from the jurors. Leach v. State, 31 Ala.App. 390, 18 So. 2d 285. And when the disqualification of a juror is not known to the injured party, it is ground for a new trial. Birmingham Electric Co. v. Yoast, 256 Ala. 673, 57 So. 2d 103, 30 A.L.R.2d 907.

In the instant case we do not think the question posed called for a disclosure of the matter urged as a disqualification of the juror Robinson. He had not been a plaintiff in a case whereby he was "suing or seeking to recover damages for personal injuries," and this fact was proven on the hearing of the motion for a new trial. The defendant was apprised of the fact that the juror had been a plaintiff in an action for damages arising out of an accident, and he could have examined the juror more fully after appellee's counsel had concluded, had he cared to do so. The failure of a party to test prospective jurors, as to matters which might disqualify them, operates as a waiver of the peremptory right to a new trial on that account. Jackson v. McFadden, 260 Ala. 109, 69 So.2d 286.

No reversible error appears in the record and the judgment is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.