329 So.2d 611

**Fred G. ROGERS**

v.

**STATE.**

**3 Div. 398.**

Court of Criminal Appeals of Alabama.

Feb. 3, 1976.

Rehearing Denied March 9, 1976.

Gray, Seay & Langford and Donald V. Watkins, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

Appeal from a judgment of guilt pursuant to an indictment charging defendant with carnally knowing a girl over the age of twelve years and under the age of sixteen years. The jury fixed punishment at ten years imprisonment in the penitentiary.

A judgment pursuant to leave of the court amended the original judgment *nunc*

*pro tunc* to show that the jury fixed the punishment instead of the trial court as was erroneously stated in said original judgment.

We do not think it necessary to delineate all the evidence supporting the jury's verdict. Suffice it to state that defendant-appellant at the time of the several sexual embraces, beginning about Thanksgiving in November 1973 and ending on May 3, 1974, was a junior high school teacher in Prattville, Alabama, and the victim was a mathematics pupil of his.

Some of the alleged sexual embraces took place in a mobile housing unit used for an office behind the school building wherein they willingly met by artful means. Another encounter occurred at the home of the victim while her parents were away, and the last, on May 3, 1974, in the woods near her home on the ground minus a blanket.

It was on this occasion that the suspicion of her parents were aroused when they saw her coming out of the woods. An automobile registered in the name of the defendant was near a road on which her stepfather chased the automobile and obtained the tag number. The fourteen-year-old girl testified against the defendant and accused him of the embraces.

The defendant denied the charges, admitted he was her mathematics teacher, and had given her special tutoring in mathematics because she asked for help. Her grades began to pick up when the tutoring began.

I

■ Appellant here contends that the court erred in overruling his motion to exclude the evidence. We cannot agree. There was ample evidence offered by the State to make out a prima facie case as charged in the indictment. Defendant's denial of the embraces and his alibi evidence created an issue of fact for the jury.

II

■ Appellant next contends that the trial court erred in overruling his amended motion for a new trial. We are not in accord. We have read the entire record and conclude therefrom that the case was well tried and that the trial court was very careful to protect defendant's rights and his rulings were free of error. The jury believed the State's evidence beyond a reasonable doubt and did not go along with defendant in his assertions of innocence. There was ample evidence to corroborate that of the victim.

■ Under our statute, sexual intercourse is sufficient to convict notwithstanding the fact the girl may have consented. *Bedsole v. State,* 28 Ala.App. 27, 177 So. 308; Title 14, § 399, 1958 Recompiled Code.

The judgment is affirmed.

The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Affirmed.

All the Judges concur.