LEIGH M. CLARK, Supernumerary Circuit Judge.
Appellant was convicted of burglary in the second degree and sentenced to imprisonment for six years.
According to the testimony of Willie Alford and Darby Scarbrough, who also were charged by separate indictments with the same alleged crime, defendant actively participated with them in the burglary of the uninhabited dwelling of Marie Morrow for the purpose of stealing furniture therein, which they accomplished. They removed two television sets therefrom, as well as some other items of personal property. Alford testified that about two weeks after the burglary he and appellant-defendant took one of the sets to the home of Walter Morgan, with whom Alford had lived as a child, and sold it to Morgan for the sum of forty dollars. Appellant kept twenty dollars of the money and the other twenty was divided equally between Alford and Scar-brough.
Walter Morgan testified for the State and positively identified appellant as having been one of those who sold him the television set.
Marie Morrow testified as to her living at the residence where the burglary occurred, the physical facts as to the breaking and entry and as to the property taken therefrom. She was unable to connect defendant or either of the other two with the burglary.
Appellant takes the position that there was no evidence of his guilt other than that found in the testimony of accomplices, which, if true, requires a reversal of his conviction as one based on the uncorroborated testimony of accomplices, forbidden by Code of Alabama 1940, Tit. 15, § 307. There seems to be no basic disagreement between the parties as to the law on the subject. Their disagreement is whether Walter Morgan was an accomplice.
If Morgan could have been indicted and convicted of the offense charged, either as principal or accessory, he was an accomplice; otherwise, he was not an ac *540 complice. Logan v. State, 291 Ala. 497, 282 So.2d 898; Miller v. State, 290 Ala. 248, 275 So.2d 675; Doss v. State, 220 Ala. 30, 123 So. 231; Leonard v. State, 43 Ala.App. 454, 192 So.2d 461; Strange v. State, 43 Ala. App. 599, 197 So.2d 437.
Appellant argues that Morgan knew, or had reason to believe, that the television set was stolen. Even so, he was not an accomplice. It was held in Childs v. State, 43 Ala.App. 529, 194 So.2d 861, that evidence conclusively establishing that witnesses had knowingly received and concealed stolen property is not sufficient to show guilt of a burglary that resulted in the larceny of the property. Furthermore, we do not agree with appellant in his contention that there was some evidence of criminal conduct on the part of Morgan. However gullible or unwary he might have been, there is no evidence whatever that he was guilty of any crime, particularly burglary of which defendant was convicted.
Appellant’s only other insistence as to error is in connection with the overruling by the court of defendant’s motion for a mistrial, which was made at the beginning of court the morning after the first day’s trial of the case. The record in its entirety as to the motion is as follows:
“MR. CHESTNUT: Your Honor, I would like to make a Motion before the Jury is brought back into court.
“THE COURT: Alright.
“MR. CHESTNUT: The defendant comes now and states to the Court that in qualifying the jury yesterday, the specific question was asked by defense counsel, of the venire, whether any persons there were employed by the county government. Only two persons responded in the affirmative and these people were Joyce Barnes and Samuel Williams. It has now been discovered that one Evelyn Roebuck is employed by the county government, as an employee of the county hospital. Now, it is obvious that the defendant had specific reasons for making these inquiries of the venire. It is further discovered that this particular juror knows the defendant as they both have worked for this county institution and that they have had some misunderstanding and she does not like the defendant and we are prepared to prove it by testimony. We now move, on the basis of what we have just said, for a mistrial.
“THE COURT: Let the record show that the defendant and his attorney had ample opportunity to raise these matters in voir dire examination to ask any question of the venire and he was given an opportunity to ask these questions that they wanted to ask of the venire. The court finds that the fact that one of the jurors may not have responded that she worked at the . . . as an employee of the Greene County Hospital is not grounds for a mistrial and the court denies the motion.
“MR. CHESTNUT: Let me just raise to the court, for the sake of the record, that there was no way to pursue this matter on voir dire without the initial acknowl-edgement by the members of the venire that they were so employed. The defendant operated on the presumption that nobody there, except those who made it known, worked for any unit in the county government, infact, the record will reflect that each time the defense counsel stated to the venire that he took it by their silence that the answers to his questions were in the negative.
“THE COURT: I fail to see . . . the court fails to see any possible relationship, the fact whether someone works for the hospital as to their qualifications for sitting on the trial of a criminal case. “MR. CHESTNUT: We take an exception to the ruling.
“THE COURT: Alright, let’s get started.”
During the process of the interrogation and selection of the jury for the trial of the case, a pertinent part of the proceedings was as follows:
“THE COURT: Alright, Mr. Chestnut, do you have any questions that you would like to ask of this panel?
“MR. CHESTNUT: Yes, your Honor, I’d like to know if anybody here is employed *541 either by the City of Eutaw or by the county of Greene?
“(Whereupon, one juror responded)
“MR. CHESTNUT: What is your name, please?
“JUROR: Samuel Edgar Williams.
“MR. CHESTNUT: Is there anybody else?
“JUROR: Joyce Barnes.
“MR. CHESTNUT: Is that everybody?
“(Whereupon, on one else responded)”
Appellant relies for this particular assertion of error upon the following:
“In civil and criminal cases, either party shall have the right to examine jurors as to their qualifications, interest,, or bias that would affect the trial of the case, and shall have the right, under the direction of the court, to examine said jurors as to any matter that might tend to affect their verdict.” Code of Alabama, Tit. 30, § 52.
A party is entitled to truthful answers from jurors to questions propounded to them during the exercise of the right of a party to interrogate the jurors under the provisions of the quoted section of the Code of Alabama. Sanders v. Scarvey, 284 Ala. 215, 224 So.2d 247. Morris v. Zac Smith Stationery Co., 274 Ala. 467, 149 So.2d 810; Parkinson v. Hudson, 265 Ala. 4, 88 So.2d 793; Leach v. State, 31 Ala.App. 390, 18 So.2d 285, cert. denied 45 Ala. 539, 18 So.2d 289.
The record relative to defendant’s motion for a mistrial fails to convince us that there was a complete meeting of the minds of the trial court and defendant’s counsel on the matter. Appellant’s counsel on appeal now makes it clear that his contention is that the particular juror, an employee of the Greene County Hospital, by her silence, did not truthfully answer the question whether she was an employee of Greene County. Apparently the court did not understand that to be his contention in asserting and arguing his motion for a mistrial. Whether the trial court would have ruled differently if counsel for defendant had more definitely made the point he makes now, we are unable to state, but we think that it was counsel’s duty to do so.
We are of the opinion also that appellant has not shown an untruthful answer to a definite question. We can understand that probably most employees of a county would know that they are employed by the county. On the other hand, we are mindful that the ramifications of governmental agencies today are such that at times some employees of such agencies or instrumentalities are not cognizant of an employer-employee relationship with the particular government, whether national or state, or any subsidiary of either. We can understand that generally persons working under officials of a county government would be expected to know that they are employees of the particular county. But this same knowledge is hardly chargeable to every employee of a county hospital. The chances are that as to the first kind of employees, if one is asked by whom he is employed, he would respond that he is employed by the particular county. On the other hand, it can be seen that if a nurse in a county hospital is asked by whom she is employed, she could well be expected to answer differently from the other class, that is, that she is employed by the hospital, perhaps, the county hospital giving the name of the county. In this connection, we note that as to county hospitals, the general law on the subject is found in Code of Alabama, Recompiled 1958, Tit. 22, §§ 204(18)-204(30), in which provision is made for the incorporation of such hospitals, and in which it is stated:
“. . . All debts created and securities issued by the corporation shall be solely and exclusively an obligation of the corporation and shall not create an obligation or debt of the state of Alabama or of any county or municipality.” § 204(25)
Irrespective of whether the Greene County Hospital was organized and is governed by the general statutory law on the subject, or by special or local legislation, we are not persuaded that the particular juror is chargeable with falsity or with any fault-in not affirmatively answering the question *542 whether she was employed by Greene County-
If any mistake was made in failing to answer affirmatively the question whether she was employed by Greene County, it is attributable to the failure to clarify the question in such a way as to show that it covered employees of the Greene County Hospital. A failure to answer a question on voir dire furnishes no basis for complaint, if the question as applied to a particular juror does not clearly call for an express response. Parkinson v. Hudson, supra; Aetna Life Ins. Co. v. Beasley, 272 Ala. 153, 130 So.2d 178; Poellnitz v. State, 48 Ala.App. 196, 263 So.2d 181.
A careful analysis of the record as to defendant’s motion for a mistrial fails to disclose definitely the basis for any prejudice to defendant in the failure of the juror to respond affirmatively to the mentioned question. In attempting to show some prejudice, counsel stated that both defendant and the juror had worked at the county hospital and “that they have had some misunderstanding and she does not like the defendant and we are prepared to prove it by testimony.” This indicates at least, without any indication to the contrary, that defendant knew at the time the jury was selected that the particular juror had worked at the county hospital. Otherwise, there was no connection between jurors working at the county hospital and the misunderstanding between the two. Two jurors responded in the affirmative to the particular question. The record shows that no further questions were asked them on the same subject. If juror Roebuck had answered the question affirmatively, there is no reason to assume that she would have been asked any further questions on the subject. On the basis of the showing made by defendant, the trial court was not required to grant a mistrial or to open an extensive inquiry as to the basis for defendant’s dissatisfaction with the juror. Although it was proper for the matter to be brought to the attention of the court at the time it was presented, any possibility of substantial injury to defendant could have been more clearly shown by a motion for new trial with supporting affidavits or testimony. No motion for new trial was ever filed. No testimony was presented by defendant on the trial of the case. Any verdict different from the one rendered would have been contrary to the undisputed evidence.
We have searched the record for error prejudicial to defendant and have found none. The judgment should be affirmed.
The foregoing opinion was prepared by Supernumerary Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945. The judgment below is hereby
AFFIRMED.
All Judges concur.