The appellant, O.C. Parish, was indicted and convicted for the offenses of theft of property in the first degree, as proscribed by § 13A-8-3, Code of Alabama 1975, and theft of property in the third degree, as proscribed by § 13A-8-5. He was consequently sentenced for the first degree theft conviction to imprisonment for a term of life pursuant to the Habitual Felony Offender Act. For his conviction for third degree theft, Parish was sentenced to imprisonment for a term of 12 months, to run consecutively with his sentence for the first degree conviction.
Parish contends that the trial court erroneously denied his motion for mistrial made on the ground that juror Derivaux failed to disclose during voir dire examination her possible acquaintance with him, thus denying him his right to an informed exercise of his peremptory strikes. After the prosecution *Page 30 
had rested, Mrs. Derivaux informed the court that, although she had no recognition of Parish during the voir dire examination, she later recognized the defendant's name. During a hearing on this issue, Mrs. Derivaux explained that, after the defendant's name was said several times and when a police officer who was testifying said the name, she recognized it. It appears that she informed the trial court of her recollection at the earliest possible time.
Upon the trial court's examination, Mrs. Derivaux testified that when she worked at the Mental Health Center, she received telephone calls from a man by the same name as the defendant, and she also typed psychologicals on him. She remembered him as a "threatening, troubled client." However, she cautioned that the person of whom she was thinking might not have been the defendant. Mrs. Derivaux further testified that her only contact with the man was by phone and that, although she recognized his name, she did not recognize his voice or his face. In substance, she assured the court that none of the phone calls or psychologicals pertained to the guilt or innocence in this particular case; that she did not intend to inform her fellow jurors of this information; that she would consider the evidence that came from the stand and the law as instructed by the court; and that she would disregard her recollections. Upon this testimony, the court denied Parish's motion and allowed Mrs. Derivaux to continue serving as a juror.
Certainly, we recognize that parties have a right to have questions answered truthfully by prospective jurors to enable wise and informed exercise of their peremptory strikes and that when jurors fail to answer questions correctly, the parties are denied the exercise of that right. See O'Leary v. State,417 So.2d 232, 240 (Ala. 1982), cert. denied, 463 U.S. 1206,103 S.Ct. 3536, 77 L.Ed.2d 1387 (1983). However, a review of the voir dire examination does not reveal any question that juror Derivaux answered falsely by failing to remember and reveal her limited contact with a man by the same name as the defendant. The questions asked by the trial court did not call for the disclosure of such information. The questions asked by the defense counsel and the prosecutor are not included in the record before us. Plainly, it is the appellant's burden to see that a correct record is filed. Robinson v. State,444 So.2d 884 (Ala. 1983). Furthermore, the record does not imply that Parish's right to fully question the prospective jurors was abridged. Thus, we must assume that no question was asked concerning the juror's acquaintance or contact with the defendant. Unless a juror is asked a question which applies to him in a manner demanding response, it is permissible for a juror to remain silent; the juror is under no duty to disclose.Thomas v. State, 338 So.2d 1045 (Ala.Cr.App. 1976); Flurry v.State, 52 Ala. App. 64, 289 So.2d 632 (1973), cert. denied,292 Ala. 720, 289 So.2d 644 (1974).[1]
In Davis v. State, 51 Ala. App. 200,283 So.2d 650 (1973), the lower court denied the appellant's motion for mistrial predicated upon the failure of a prospective juror to reveal certain information during voir dire. In reviewing the appellant's contention that this ruling was error, the court, in observing that no specific question had been asked to elicit the undisclosed information, stated the following:
 "Certainly appellant was entitled on voir dire to examine the venire in regard to [the undisclosed information]; however, the record before us shows no such inquiry. Veniremen cannot be expected to reveal information not elicited by the litigants."
51 Ala. App. at 202, 283 So.2d at 652.
It has been stated by our supreme court that "[t]he failure of a party to test prospective jurors, as to matters which *Page 31 
might disqualify them, operates as a waiver of the peremptory right to a new trial on that account." Parkinson v. Hudson,265 Ala. 4, 88 So.2d 793, 797 (1956) (citing Jackson v. McFadden,260 Ala. 109, 69 So.2d 286 (1953)). Counsel for Parish waived any claim of prejudicial error. Vickers v. Howard, 281 Ala. 691, 208 So.2d 72, 74 (1968); Pearson v. State, 343 So.2d 538
(Ala.Cr.App. 1977). See also Leach v. State, 245 Ala. 539,18 So.2d 289 (1944); Law v. State, 407 So.2d 572, 575 (Ala.Cr.App. 1981); Pelham v. State, 24 Ala. App. 330, 134 So. 888, cert. denied, 223 Ala. 155, 134 So. 890 (1931).[2]
Moreover, even if the record disclosed that juror Derivaux had falsely answered or neglected to answer a question calling for the specified information, we would still find that the trial court properly denied Parish's mistrial motion. In Brownv. State, 392 So.2d 1248 (Ala.Cr.App. 1980), cert. denied,392 So.2d 1266 (Ala. 1981), the court reviewed the trial court's denial of the appellant's motion for mistrial grounded upon the same allegation as asserted in the instant case. In its review, the court applied principles utilized in reviewing the denial of a motion for new trial predicated on the same ground, which are as follows:
 "`Although a defendant has a right to have questions answered truthfully by prospective jurors, the failure of a juror to make a proper response to a question regarding his qualifications does not automatically entitle a defendant to a new trial. The proper inquiry by this court in such cases is whether the appellant's rights were [probably] prejudiced by the juror's failure to respond properly. Beauregard v. State, Ala.Cr.App., 372 So.2d 37 (1979), cert. denied, Ala., 372 So.2d 44, and cases cited therein. In Freeman v. Hall, 286 Ala. 161, 238 So.2d 330
(1970), our supreme court stated:
 "We hold that the proper inquiry for the trial court on motion for new trial, grounded on allegedly improper responses or lack of responses by prospective jurors on voir dire, is whether this has resulted in probable prejudice to the movant. This appears to be the general rule throughout the country [see Annotations, 38 A.L.R.2d 624, and 63 A.L.R. 2d 1061]. . . ."
 The supreme court in that case likewise held that the trial court's application of the probable prejudice test is subject to review only for abuse of discretion.'"
392 So.2d at 1264 (quoting Bufford v. State, 382 So.2d 1162,1172 (Ala.Cr.App.), cert. denied, 382 So.2d 1175 (Ala. 1980).See also Sheperd v. State, 57 Ala. App. 35, 39-40,325 So.2d 551, 555 (1975), writ quashed, 295 Ala. 417, 325 So.2d 557
(1976).
In emphasizing that the trial court is in the best position to make findings on the question of probable prejudice, the court in Freeman suggested factors to aid the lower courts in their task of determining probable prejudice.
 "Although the factors upon which the trial court's determination of prejudice is made must necessarily vary from case to case, some of the factors which other courts have considered pertinent are: temporal remoteness of the matter inquired about, the ambiguity of the question propounded, the prospective juror's inadvertence or willfulness in falsifying or failing to answer, the failure of the *Page 32 
juror to recollect, and the materiality of the matter inquired about."
286 Ala. at 167, 238 So.2d at 336. Thus, the facts in each case must be considered individually and much will remain in the discretion of the trial judge. The trial court in the instant case had the necessary facts before it to fully consider the enumerated factors. As the trial court noted, juror Derivaux was conscientious and candid in her revelation to the trial court of her recollections; she did not recall her contact with Parish at the time of the voir dire questions; she had no face to go with the name; and she had no recollection of a particular voice that "would draw this into focus for her." It is obvious that she had no interest in concealing her recollections and no stake in the outcome of the case. As stated in Freeman, "we must also be aware of inadvertent concealment and failure to recollect on the part of prospective jurors." 286 Ala. at 167, 238 So.2d at 336.
Furthermore, the court stated the following:
 "[Mrs. Derivaux] states that in good conscience she can go ahead and disregard this and not discuss it with the other Jurors, I believe I have to accept her judgment of the matter. I don't believe there is any other method by which courts can determine the integrity and honesty of Jurors, other than by their words and actions, and I think this defendant is as safe with this particular Juror as any person that could be impaneled. . . ."
We agree with the trial court's assessment of the situation before it. It heard and observed Mrs. Derivaux. Thus, it was in a better position to evaluate her answers in light of the particular circumstances of the case to determine the probable prejudice. Because the substance of juror Derivaux's testimony supports the trial court's finding that her recollections would not affect her judgment, we hold that the trial court was correct in concluding that Mrs. Derivaux's extrinsic knowledge would not and did not result in probable prejudice to Parish. Accordingly, there was no abuse of the discretion of the trial court in its ruling.
Finally, we are justified in considering the fact that the jury's verdict was overwhelmingly justified by the testimony.Cf. Worley v. State, 28 Ala. App. 486, 188 So. 75 (1939) (review of the denial of a motion for new trial on the ground that a juror was prejudiced against the defendant). Not only was Parish caught with the stolen truck and fence wire in his possession, but he confessed to having stolen these items. He presented no evidence as a defense. We find apropos the following:
 "Without stultifying themselves, the jury could not have returned a verdict of acquittal.
 "So, misconduct on their part . . . could not have worked prejudice to appellant."
Snellgrove v. State, 28 Ala. App. 27, 27, 177 So. 353, 353
(1937).
This cause is hereby due to be affirmed.
AFFIRMED.
All Judges concur.
[1] An exception to this general rule is contained in § 12-16-7, Code of Alabama 1975, which requires a juror having personal knowledge respecting any fact in controversy to declare such in open court. This statute does not apply to the instant case, for, as disclosed by the court's examination, juror Derivaux had no personal knowledge of any material facts of the case.
[2] The majority of cited cases supporting the principle of waiver refers to Code of Alabama, Recomplied 1958, Tit. 30, § 52, which gives either party in a civil or criminal case the right to examine jurors as to their qualifications, interest, or bias affecting the trial and the right, under the discretion of the court, to examine the jurors as to any matter that might affect their verdict. Although this statute was not carried forward for inclusion in the Alabama Code 1975, this does not undermine the precedential value of the cited cases. Even though Title 30, § 52, was not carried forward, the law remains that "each party has the right to have questions formulated by it propounded to the jury, either by the court or by the party as the court may determine, if such questions reasonably relate under the circumstances to the question of the qualification or interest or bias on the part of prospective jurors." Griffin v.State, 383 So.2d 873, 876 (Ala.Cr.App.), cert. denied,383 So.2d 880 (Ala. 1980) (cited with approval in Alabama Power Co.v. Bonner, 459 So.2d 827, 833 (Ala. 1984).