208 So.2d 72

Mrs. Opal C. VICKERS

v.

Glenn Edward HOWARD et al.

6 Div. 428.

Supreme Court of Alabama.

March 7, 1968.

W. W. Ross and Lanny S. Vines, Birmingham, for appellant.

London, Yancey, Clark & Allen, and Rives, Peterson, Pettus & Conway, Birmingham, for appellees.

MERRILL, Justice.

Appellant sued the defendants alleging that she was injured as a proximate result of their combined and concurring negligence. The jury found for the defendants. Appellant filed a motion for a new trial which was overruled and this appeal followed.

Appellant's argued assignments of error make one contention which she states in brief may be "succinctly stated as follows: The Foreman of the jury, Jerry W. Reynolds, was a licensed agent of Hardware Mutual Casualty Company which he concealed upon identification of the jury, thereby depriving Plaintiff's attorney of the opportunity of intelligently exercising his peremptory right of striking said juror from said jury panel."

The record is silent as to the specific questions asked the jurors when they were qualified to try this case. The record shows:

"(WHEREUPON, the jury venire was sent for and entered the courtroom at 10:50 A.M.; were duly qualified by the Court; identified; and special questions were asked by counsel on behalf of the

respective parties, following which the striking of the jury was begun and completed; * * *.)"

The only specific evidence came in support of the motion for a new trial in the form of two affidavits, two depositions and a letter from the Deputy Superintendent of Insurance.

The first affidavit is that of William W. Ross, the trial counsel for plaintiff. Mr. Ross states in his affidavit that at the time that the jury identified themselves, one prospective juror identified himself as Jerry W. Reynolds, Sentry Insurance representative. Mr. Ross knew of the existence of a life insurance company doing business in Alabama and using the name Sentry Insurance Company. The affiant then stated that Jerry W. Reynolds actually was primarily engaged in the business of fire and casualty insurance business for Hardware Mutual Casualty Company and Hardware Dealers Fire Insurance Company. The deponent also states that he is familiar with the names of casualty insurance companies doing business in Alabama, and that if the said Jerry W. Reynolds had not concealed his true employment, he, Mr. Ross, would have struck Mr. Reynolds from the jury panel. Mr. Ross then states that Mr. Reynolds' true employment was learned by him only after the trial and verdict in this case.

Mr. Reynolds' deposition was to the effect that he represented Hardware Mutual Casualty Company, Hardware Dealers Fire Insurance Company and the Sentry Life Insurance Company and that all three of them "are known as the Sentry Insurance Companies, by trade name." Mr. Reynolds testified that he did not know, at the time of or during the trial, that Bibb Allen, who represented the defendant, Glenn Edward Howard, also was on retainer from Hardware Dealers Fire Insurance Company and Hardware Mutual Casualty Company. Mr. Reynolds testified that he had identified himself as a Sentry Insurance representa-

tive and had served as foreman of the jury.

The second deposition was that of Mr. Bibb Allen, who represented the defendant, Glenn Edward Howard. Mr. Allen testified that he was a partner in the law firm of London, Yancey, Clark and Allen. His firm has represented Hardware Mutual Casualty Company and Hardware Dealers Fire Insurance Company for about thirty years. However, Mr. Allen testified that he does not know any of their casualty or fire insurance salesmen in the state, that all of the casualty claims that he has handled for the last ten or fifteen years have come from the Atlanta office. Mr. Allen testified that Mr. Reynolds' statement concerning his employment "made no impression on me whatsoever."

The second affidavit is from Waldrop Windham, a lawyer in Birmingham. Mr. Windham stated that it was the prevailing practice, almost without exception, in striking juries in Birmingham, to refuse to accept as jurors any person who sells or adjusts casualty insurance of any kind.

The letter is from the Deputy Superintendent of Insurance and states that Sentry Insurance Company, by their records, is not licensed "to do the business of fire and casualty insurance in this State."

Defendant Howard, whom Mr. Allen defended, had his insurance coverage with Alabama Farm Bureau Mutual Insurance Company. None of the companies of the Sentry Insurance group were insurers of either of the defendants in this suit nor had any interest in this suit.

Title 30, Section 52, Code 1940, provides:

"In civil and criminal cases, either party shall have the right to examine jurors as to their qualifications, interest, or bias that would affect the trial of the case, and shall have the right, under the direction of the court, to examine said jurors as to any matter that might tend to affect their verdict."

We have held that this section has the manifest purpose of the disclosure by every juror as to all material qualifications in order that the parties may exercise advisedly their peremptory challenges. Hayes v. Boykin, 271 Ala. 588, 126 So.2d 91, and cases there cited.

We have said that counsel are entitled to true and honest answers from prospective jurors. Morris v. Zac Smith Stationery Co., 274 Ala. 467, 149 So.2d 810; McHenry v. State, 279 Ala. 30, 181 So.2d 98.

In this cause, however, the juror practiced no deception on the court or counsel. When asked to state his occupation, he replied in open court that he was a Sentry Insurance agent. Mr. Reynolds' deposition shows that he was a licensed agent for the Sentry Insurance group. The plaintiff's attorney relied on his own knowledge of life and casualty insurance companies. His knowledge was faulty. When the juror answered that he was an insurance representative, plaintiff's attorney could have inquired further if he desired to strike casualty insurance salesmen or adjusters.

A party in either a civil or criminal case has the right to examine jurors as to bias, interest or qualifications; but the failure of a party to test prospective jurors, as to matters which might disqualify them, operates as a waiver of the peremptory right to a new trial on that account. Parkinson v. Hudson, 265 Ala. 4, 88 So.2d 793; Jackson v. McFadden, 260 Ala. 109, 69 So. 2d 286.

We think counsel for plaintiff waived any claim of prejudicial error when no follow up questions were asked when he was informed that the juror was a Sentry Insurance representative. We find no evidence of any concealment or deception on the part of the juror or a party.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.