Because the majority opinion effectively changes the long-established principle concerning the injection of insurance into a civil case, for no reason presented to the Court other than the opinion of counsel, I must respectfully dissent.
It should be noted first that this is not a case in which a witness has revealed insurance, nor is it a case in which reference has been made to insurance in closing argument. It is a case in which additional reference to insurance has been allowed during juror qualification. That process used in this case bears repeating.
During the voir dire examination of the venire, the trial court inquired whether any of the panel was an "officer, stockholder, agent, servant or employee of Travelers Insurance Company." No responses were made. Later, during voir dire, counsel for plaintiff was allowed to make the following inquiry:
 "I would like to ask the jury panel, you have been qualified on certain things; but further is there any member of your family that works as an insurance adjuster for any company handling adjustments, claims or sells insurance or works as a secretary or salesman for any insurance company?" (Emphasis added.)
This question was asked over defense counsel's objection that it was "not a proper qualification."
This is not a case in which an insurance company was a party. Here, the insurance company's relevance to the case was only that, in the event of a recovery for the plaintiff, it would pay the money judgment. In such circumstances, i.e., where the insurance carrier is involved only because it will pay a judgment against its defendant-insured, Alabama has long adhered to the principle indicated by the question asked in this case by the trial court: whether any member of the panel was an officer, stockholder, agent, servant or employee of "X Insurance Company." That has been the extent of any reference to insurance in qualifying the venire. Vredenburgh Saw Mill Co.v. Black, 251 Ala. 302, 37 So.2d 212 (1948). Unlike Alabama, some states have allowed the venire to be asked that question without reference to a particular insurance company, e.g., interest in "any" insurance company. Annot. 4 A.L.R.2d 761, 811. The majority's opinion goes further than either of those views. It not only allows inquiry into interest in any
insurance company generally, but asks whether *Page 835 family members work for any insurance company.
The majority justifies this action by relying on a statute which has been repealed, see Code of 1975, § 1-1-10, and finding the question of plaintiff's counsel to be an inquiry into a matter that might affect the verdict, which the trial court, in its discretion, may permit. Although Title 30, § 52, Code of 1940, has been superseded by Rule 47, A.R.Civ.P., which provides that "[t]he court may permit the parties or their attorneys to conduct the examination of prospective jurors or may itself conduct the examination," the long-standing rule in this state concerning the introduction of insurance in qualifying the venire was set forth by this Court in Gwin v.Church, 272 Ala. 674, 680, 133 So.2d 880 (1961):
 "The rule is firmly settled in this state that the plaintiff is entitled, upon his seasonable and proper motion, to have the jury qualified as to their relation to, or interest in, any insurance company which would be liable, in whole or in part, for any judgment that might be rendered against the defendant. [Citations omitted.] On the other hand, counsel should be careful to avoid saying or doing anything which would lead the jury to believe that his opponent has insurance to protect him in respect to the matter in controversy when reference to insurance is not admissible for any proper purpose. . . ."
Until now any "proper purpose" of showing bias or interest in a member of the venire for an insurance company has been limited to an application of the principle stated in the first sentence of the above quotation.
Of the five cases cited by the majority as authority to depart from this well-settled rule, three are criminal cases in which insurance is not involved and which, therefore, have no bearing on the present case. Avery Freight Lines, Inc. v.Stewart, 258 Ala. 524, 63 So.2d 895 (1953), involved not only an inquiry into whether any member of the venire was a stockholder or employee of the defendant's liability insurance carrier, but also an inquiry "for information of counsel only" as to whether "any of you [members of the venire] have any relatives who work for that concern." 258 Ala. at 526,63 So.2d at 895-96. There was, however, no proper objection to the question propounded by the trial judge; consequently, any issue concerning the inquiry was not preserved for review. Notwithstanding this, this Court stated, in what amounts to dicta, that "[t]he inquiry is conceded to be one available to plaintiff's counsel under section 52, Title 30 of the Code."258 Ala. at 526, 63 So.2d at 896. However, it was recognized that the inquiry was limited to the defendant's insurance carrier: "The inquiry of the panel by the judge as to their relation to or interest in the insurance carrier of thedefendant was proper unless attended by undue prejudicial circumstances." (Emphasis added.) Id. Even if this case can be construed as permitting an inquiry into relatives' connections with an insurance company, it clearly limits the inquiry to the defendant's insurance company.
Even the last case cited, Vickers v. Howard, 281 Ala. 691,208 So.2d 72 (1968), does not support the majority's position. That case obviously concerned an inquiry into the occupation of the prospective jurors only, not any and all of their relatives. One member of the venire, Jerry Reynolds, "replied in open court that he was a Sentry Insurance agent."281 Ala. at 693, 208 So.2d at 74. This Court held only that "[w]hen the juror answered that he was an insurance representative, plaintiff's attorney could have inquired further if he desired to strike casualty insurance salesmen or adjusters." Id. A further inquiry into Reynolds's duties or responsibilities to determine possible bias, however, is vastly different from allowing a blanket inquiry as to whether any of the venire members have any relatives who work in any capacity for any
insurance company. Such an inquiry has never before today been permitted in this state.
Although I dissent to that practice here, as unsupported by any authority, nevertheless, *Page 836 
I have no intellectual animosity toward such a far-reaching change should there have been any justification advanced for it. But, here we have been presented with nothing on which to base this reversal of the long-adhered-to principle except the argument in brief of plaintiff's distinguished counsel. He argues in his brief that the insurance industry is large; that every town has numerous sales agents; that many people depend directly upon the insurance industry, and, therefore, that some persons who had been qualified as to defendant's particular carrier might have been biased in favor of any insurance company.
The majority's approval of the additional inquiry under the speculation, unsupported by any facts and without reference to any contravening interests, inevitably leads to a result akin to this paraphrase:
 "Ladies and gentlemen of the jury panel, you have been asked whether you are an officer, stockholder, agent, servant or employee of the Travelers Insurance Company, or whether you have any financial interest in that insurance company. You have said `no' to that question. Now to reemphasize the importance of insurance in this case, does any member of your family work as an insurance adjuster, or handle claims, or sell insurance, or work as a secretary or otherwise, for any insurance company?"
For these reasons, I must respectfully dissent.
TORBERT, C.J., and MADDOX, J., concur.