495 So.2d 652 (1986)
William H. BAXTER
v.
The SURGICAL CLINIC OF ANNISTON, P.A.
85-183.
Supreme Court of Alabama.
September 26, 1986.
*653 Ronald L. Allen of Merrill, Merrill, Mathews & Allen, Anniston, William W. Smith, S. Shay Samples of Hogan, Smith, Alspaugh, Samples & Pratt, Birmingham, for appellant.
W. Stancil Starnes of Starnes & Atchison, Randal H. Sellers, Birmingham, for appellee.
PER CURIAM.
William H. Baxter, a medical malpractice Plaintiff, appealing a judgment based upon an adverse jury verdict, presents three issues for review:
1. Whether the Court properly refused the Plaintiff an opportunity, during voir dire proceedings, to examine members of the jury venire as to insurance-related employment.
2. Whether the Court correctly instructed the jury that a verdict could affect the license of Dr. Lewis Sellers.
3. Whether the court properly charged the jury by way of supplemental instructions when the jury requested additional guidance during deliberations.

I. The Juror Qualification Issue
Baxter complains that the trial court's grant of Defendant's pre-trial motion in limine to restrict his voir dire examination of jurors on matters relating to insurance effectively precluded the following inquiry:
"Whether any of the members of the panel or members of their immediate family are employed by an insurance company or have ever been employed by an insurance company and in what capacity and if, in fact, they acknowledged that they have been employed by an insurance company, to question them further as to whether they can fairly decide this case based on the facts."
The Defendant/Appellee counters by asserting that the questions were either improper or, if proper, that the trial court's adverse rulings were not preserved for appellate review. Because the briefs of the respective parties are not altogether clear, at best, or present materially different versions of the trial proceedings, at worst, we have gone to the record for a clearer understanding of the posture in which this issue arose. Immediately before the trial began, Defendant made an oral motion in limine: "I would ask the Court to conduct any examination regarding insurance.... I think those questions can be safely asked only by the Court." The court responded: "All right. If you'll present any questions you wish to be asked of the Court, then I will make a ruling on that." The trial judge then made it clear that his purpose in granting Defendant's motion in limine was to restrict the scope of Plaintiff's inquiry concerning insurance.
Just before the voir dire process began, Plaintiff's lawyer orally requested that the court inquire of the jurors concerning certain matters of insurance, as set out above. The court in its voir dire examination included the following questions:
"Are any of you an officer, agent, stockholder or employee of the Mutual Assurance Society of Alabama?
"Have any of you been an adjuster for said company in the past or presently?

*654 "Do any of you know of any reason whatsoever why you could not be a fair and impartial juror if you were selected as a juror in this particular case for both the plaintiff and the defendant? If you know of any reason whatsoever, would you please raise your hand?"
Defendant, citing Liberty National Insurance Company v. Beasley, 466 So.2d 935 (Ala.1985), insists that, because Plaintiff failed to further object and assign grounds therefor, or in some manner call to the trial court's attention his failure to inquire of the jurors concerning the broader information relating to insurance as earlier requested, Plaintiff cannot now seek review of the trial court's action.
We hold that the issue is properly before this Court. Beasley involved the denial of a motion in limine to preclude the adverse party from introducing certain evidence. The subject evidence was introduced at trial without objection. This Court held that, unless the trial judge indicated to the contrary, he could not be held to have waived his right to further review the issue of admission when the evidence was offered at trial. When the trial judge denies a motion to exclude evidence, made in limine, unless he clearly indicates to the contrary, it is the legal equivalent to an announcement that he reserves the right to rule on the subject evidence at the time of its offer, and is not a final ruling made in a pre-trial context.
For obvious reasons, the same result does not obtain where the motion in limine is granted. In this instance, the nonmoving party, by virtue of the adverse ruling, is precluded from taking some proposed or anticipated action. To further pursue the very course of action he is now restrained from pursuing is itself violative of the court's ruling and thus such pursuit is not required to preserve for review the trial court's action.
Although, in the instant case, the trial judge indicated that he would accept any proffered voir dire question and make his ruling at that time, it was clear from the outset that counsel for the respective parties and the court understood the underlying issue. Plaintiff wished to have the voir dire examination include broader inquiries as to insurance (any insurance company), while Defendant wanted the inquiry limited to the liability carrier concerned in the case (Mutual Assurance Society of Alabama). In granting the Defendant's motion, the trial court elected not only to conduct the voir dire examination on the subject of insurance, but also to limit its inquiries to this Defendant's carrier. In this context, we hold that the propriety of the trial court's action is an issue properly preserved for appellate review.
Dispositive of the merits of this issue is Cooper v. Bishop Freeman Co., 495 So.2d 559 (Ala.1986), which holds that the trial court may properly limit voir dire examination of prospective jurors regarding insurance to the more narrow scope of questions here employed by the trial judge. Thus, no reversible error was committed.

II. The Effect of the Verdict on the Professional License of Defendant's Employee
An at-length discussion of this issue would serve no useful purpose. Suffice it to say that, although the entire colloquy concerning the effect of the jury verdict on Dr. Sellers's right to practice medicine was totally irrelevant, it was Plaintiff's counsel who initiated the topic. During his voir dire examination of the jury, Plaintiff's counsel asked:
"Do all of you understand that in the event that the plaintiff prevails in this case and monetary damages are awarded that it will in no way affect these physicians' right to practice medicine?"
Following an objection by defense counsel and an exchange of comments between opposing counsel concerning the legal effect of §§ 34-24-56, -57 ("Report and Review of Malpractice Settlements"), the trial court admonished the jurors:
"Ladies and Gentlemen, there is one other matter that I want to review with you briefly. During the questioning yesterday, *655 a statement was made about whether or not the doctor would lose his license in the event a judgment was rendered in favor of the plaintiff. Whether or not the doctor would lose his license is not a question for you to consider. It's possible that he would; it's also possible that he wouldn't. It's just not a matter for your consideration, and I instruct you at this time not to consider that statement as given yesterday."
Under these circumstances, we find no reversible error.

III. The Supplemental Jury Instructions
Appellant's counsel contends:
"The [trial] court's supplemental charges to the jury were so argumentative, prejudicial and inflammatory that a negative image was created in the minds of the jurors thus creating undue influence and bias towards the Appellant."
In essence, Appellant does not contest either the trial court's original or supplemental jury instructions as being incorrect statements of the applicable law; however, he insists that the negative frame of reference in which these otherwise correct charges were stated to the jury constituted prejudicial error. We have carefully examined the trial court's supplemental instructions in light of its entire charge; and while we agree that the trial court should exercise great care in giving its instructions to the jury, so as not to create an undue influence or bias in favor of either side, we find no prejudicial error.
AFFIRMED.
TORBERT, C.J., and MADDOX, BEATTY, HOUSTON and STEAGALL, JJ., concur.
JONES, ALMON, SHORES and ADAMS, JJ., concur in part and dissent in part.
SHORES, Justice (concurring in part and dissenting in part).
I would reverse, because I adhere to the views expressed in my dissenting opinion in Cooper v. Bishop Freeman Co., 495 So.2d 559 (Ala.1986), which the majority cites in part I and treats as governing in this case. I dissent from the application of Cooper in part I. However, I concur in parts II and III of the majority's opinion and with all of part I except its application of Cooper to the merits.
JONES, ALMON and ADAMS, JJ., concur.