MADDOX, Justice
(concurring specially).
Because the law allows counsel a broad right to question prospective jurors to as *749 sist him or her in exercising peremptory challenges, and because the scope of the examination of prospective jurors is left largely to the discretion of the trial court, I concur in the result. As I wrote in American Pamcor, Inc. v. Evans, 288 Ala. 416, 261 So.2d 739 (1972), “the question in each case [involving whether insurance is improperly interjected into the case] is whether counsel has overstepped that almost imaginary line between what is allowable and what is not.” 288 Ala. at 419-20, 261 So.2d 742.
The law does not permit the interjection of insurance into a case, but the law does permit either party to ask appropriate questions that would assist counsel in exercising peremptory challenges. Much is left to the trial judge to control the voir dire process. There is certain information concerning a prospective juror’s occupation that could be obtained by counsel by use of a form questionnaire, or some other means that is not unduly intrusive into the privacy of a particular prospective juror. Some information usually appears on the juror lists furnished to counsel, and many times counsel is aware, from independent sources, of the backgrounds of prospective jurors. The voir dire process should not be used in any manner, by either party, to attempt to interject improper matter into a case. Whether the “almost imaginary line” is crossed in any particular case largely depends on the motive of counsel directing the inquiry. Was counsel attempting to interject insurance coverage into the case or was counsel merely attempting to find out more about the prospective juror so that an informed choice could be made on whether to seek to keep or remove the prospective juror from the panel, either for cause or peremptorily? To answer that question, another question can be asked: Of what value will answers to a particular question or questions be to counsel in determining whether a prospective juror would be a desirable or an undesirable juror?
The whole purpose of voir dire is to determine whether a particular juror would fairly try the issues. The underlying purpose of Alabama’s juror selection process is that “no citizen [will] be excluded from jury service in this state on account of race, color, religion, sex, national origin or economic status.” Ala.Code 1975, § 12-16-56; Ex parte Branch, 526 So.2d 609 (Ala.1987). If the voir dire process is used for a purpose that is not designed to carry out this salutary policy, and on the other hand is used to place improper matter before the jury, then it should not be permitted.
In this case, counsel contends that his questions were legitimate inquiries, and, therefore, argues that because the word “insurance” was not mentioned, that his inquiries were permissible. The trial judge, who was on the scene, apparently was of the opinion that counsel had a legitimate reason for asking the questions and that counsel did not cross that “almost imaginary line” that I mentioned in American Pamcor. While it is difficult to see how the question is relevant to the underlying state policy regarding juror selection, I cannot say that the trial judge abused his discretion in making that determination in this particular case. For a more complete understanding of my position on this legal question, see Cooper v. Bishop Freeman Co., 495 So.2d 559 (Ala.1986), which adopted the dissent in Alabama Power Co. v. Bonner, 459 So.2d 827 (Ala.1984) (dissent by Beatty, J., in which I joined).
Voir dire is a very effective method for determining juror attitude and personalities, and can be used by counsel for plaintiffs or defendants, but the only purpose of voir dire is to provide a vehicle whereby the court and counsel can question and evaluate venire persons for possible prejudice and bias. See, Ryan and Neeson, “Voir Dire: A Trial Technique in Transition,” 10 Am. J. Trial Advoc. 37 (1987); Parnell, “An Aggressive Defense Against Punitive Damages Claims, 29 For the Defense 25 (Nov.1987).