HOUSTON, Justice.
The plaintiffs, Roger McLain and his wife Judy McLain, appeal from a judgment based on a jury verdict for the defendant Aimee Cassondra Routzong. We affirm.
The McLains and Routzong were involved in an automobile accident in which Roger McLain was injured. The McLains sued Routzong, alleging negligence and wantonness; they also sued Southern Guaranty Insurance Company (“Southern Guaranty”), the McLains’ uninsured/under-insured motorist insurance carrier.[1] Within five days after the McLains sued, Southern Guaranty elected not to participate in the trial of the case and agreed that the policy of insurance it had issued the McLains provided them with underinsured motorist benefits, which would be paid if the McLains received a judgment in excess of Routzong’s liability policy limits. The jury returned a verdict for Routzong. The McLains filed a motion for judgment notwithstanding the verdict, or in the alternative, for a new trial. The trial court denied the motion and the McLains appealed.
During voir dire examination, the trial court permitted the McLains to question the prospective jurors as to whether they were stockholders, directors, officers, or employees of Allstate Insurance Company, Routzong’s liability carrier. However, the trial court denied the McLains’ request to ask the prospective jurors “whether they are an office [sic] or stockholder of Southern Risk Guaranty.” The McLains argue that this was reversible error.
In Lowe v. Nationwide Insurance Co., 521 So.2d 1309, 1310 (Ala.1988), this Court stated:
“A plaintiff is allowed either to join as a party defendant his own liability insurer in a suit against the underinsured motorist or merely to give it notice of the filing of the action against the motorist and of the possibility of a claim under the un-derinsured motorist coverage at the conclusion of the trial. If the insurer is named as a party, it would have the right, within a reasonable time after service of process, to elect either to participate in the trial (in which case its identity and the reason for its being involved are proper information for the jury), or not to participate in the trial (in which case no mention of it or its *724 potential involvement is permitted by the trial court).”
(Some emphasis original; other emphasis added.) The scope of voir dire examination is left largely to the discretion of the trial judge. Burlington Northern R.R. v. Whitt, 575 So.2d 1011, 1017 (Ala.1990), cert. denied, — U.S.-, 111 S.Ct. 1415, 113 L.Ed.2d 468 (1991). Based upon this Court’s holding in Lowe, the trial court properly refused to allow the McLains to question the venire as to their association with Southern Guaranty.
The McLains also argue that the trial court erred to reversal in not allowing the McLains to ask the venire this question: “Have you or any member of your family ever been involved with an employment where your job was to evaluate claims?”
This Court has not reversed a judgment either for the trial court’s permitting or for its not permitting the parties to inquire on voir dire whether a member of a venireper-son’s family worked as an insurance adjuster (Alabama Power Co. v. Bonner, 459 So.2d 827 (Ala.1984)); whether any member of the venire was related to any insurance adjuster employed by the insurance company involved in the case (Cooper v. Bishop Freeman Co., 495 So.2d 559 (Ala.1986)); or whether any member of the venire was an insurance adjuster (Burlington Northern R.R. v. Whitt, supra).[2]
To effectuate the fundamental right to an impartial jury, courts must permit a meaningful and effective voir dire examination (see 47 Am.Jur.2d Jury § 200 (1969)); therefore, a very wide latitude is allowed in conducting the examination, extending to any matter that might aid the parties in exercising their peremptory challenges and to any matter that might tend to affect the verdict. See Burlington Northern R.R. v. Whitt, supra; Alabama Power Co. v. Bonner, supra.
The purpose of a probing, wide-ranging voir dire examination, besides acquainting the jury with the type of case before it, is to enable a party to select a jury of men and women qualified to competently judge and determine the facts in issue without bias, prejudice, or partiality. See 47 Am.Jur.2d Jury § 195; see, also, F. Hare, “Voir Dire and Jury Selection,” 29 Ala.Lawyer 160 (1968), quoted with approval in Alabama Power Co. v. Bonner, supra. It is an abuse of discretion for a trial court to so limit the voir dire examination as to infringe upon a litigant’s ability to determine whether a prospective juror is free from bias or prejudice and thereby to effectively exercise his strikes.
Nothing in the facts of this case suggests how the McLains’ question concerning whether a juror or a member of a juror’s family was or had ever been employed in a position that involved evaluating claims was material to their right to exercise their peremptory strikes — the denial of that question did not impair the McLains’ ability to select a jury composed of men and women qualified and competent to judge and determine Routzong’s liability without bias, prejudice, or partiality. Therefore, we cannot hold that the trial court abused its discretion in refusing to allow the McLains to ask that question.
AFFIRMED.
MADDOX, SHORES, STEAGALL, KENNEDY and INGRAM, JJ., concur.

. Judy McLain sought damages for loss of consortium.

. We recognize that the Bonner holding cited here was overruled by Cooper, and that Whitt readopted that holding.