MURDOCK, Judge.
Billy Lewis Peden and Jewel Peden appeal from a judgment entered on a jury verdict in favor of Bobby D. Fuller in an automobile-collision case. The only issue in this appeal concerns the trial court’s refusal to allow the Pedens’ counsel to ask certain questions of prospective jurors during voir dire.
On March 26, 1999, Billy Peden suffered neck injuries when his automobile was struck by a vehicle driven by Fuller. On March 23, 2001, the Pedens sued Fuller seeking to recover for Billy Peden’s neck injuries and for Jewel Peden’s loss of consortium. The case was tried before a jury on February 12, 2004. The jury returned a verdict for Fuller. The Pedens filed an appeal on March 25, 2004.
Fuller was insured by State Farm Mutual Automobile Insurance Company. During voir dire, the trial court asked prospective jurors whether they were policyholders, officers, employees, or stockholders of State Farm. Twenty-four prospective jurors signified that they 'were State Farm policyholders.[1] Later in the voir dire, the Pedens’ counsel attempted to ask the prospective jurors about potential bias arising from their being State Farm policyholders. Fuller’s counsel objected; the objection was sustained.
After the objection was sustained, the Pedens’ counsel made further argument on this issue outside the presence of the prospective jurors, as follows:
“MR. MARKS [the Pedens’ counsel]: Judge, I was going to ask them if any of them feel that the fact that you have a policy of insurance with State Farm— just for automobile insurance coverage would influence you in any way in determining what your verdict would be in this case, something like that.
“MR. TANNER [Fuller’s counsel]: That is not a proper question.
“THE COURT: The only thing that you can ask is if they are holders— which I have already asked — of State Farm Insurance. That is not a proper question and I am not going to allow you to ask that question.”
The Pedens’ counsel did not, at the time of the objection, cite any legal authority showing that his question was proper.
After completion of voir dire, the Pe-dens’ counsel challenged four prospective jurors for cause based on their having a State Farm policy; all four challenges were granted.[2] Fuller’s counsel challenged eight prospective jurors based on their having a State Farm policy; all eight *298 challenges were granted. Each side used peremptory strikes on three State Farm policyholders. The jury ultimately included six State Farm policyholders.
The Pedens, citing § 12-16-150, Ala. Code 1975, contend that any potential jurors who were policyholders in a mutual insurance company insuring Fuller were subject to challenge for cause. They also contend, citing Welborn v. Snider, 431 So.2d 1198 (Ala.1983), that in order to effectively exercise this challenge, their counsel should have been allowed to question potential jurors about favoritism toward their insurance carrier.
An effective voir dire examination is essential to the right to an impartial jury. An our Supreme Court has noted,
“[t]o effectuate the fundamental right to an impartial jury, courts must permit a meaningful and effective voir dire examination; therefore, a very wide latitude is allowed in conducting the examination, extending to any matter that might aid the parties in exercising their peremptory challenges and to any matter that might tend to affect the verdict.
“The purpose of a probing, wide-ranging voir dire examination, besides acquainting the jury with the type of case before it, is to enable a party to select a jury of men and women qualified to competently judge and determine the facts in issue without bias, prejudice, or partiality. It is an abuse of discretion for a trial court to so limit the voir dire examination as to infringe upon a litigant’s ability to determine whether a prospective juror is free from bias or prejudice and thereby to effectively exercise his strikes.”
McLain v. Routzong, 608 So.2d 722, 724 (Ala.1992) (emphasis and citations omitted). See also Harper v. Meadows, 751 So.2d 523, 526 (Ala.Civ.App.1999).
Ala.Code 1975, § 12-16-150, provides that either party may challenge for cause a prospective juror that is a policyholder of a mutual insurance company that insures any party to the case. The Pedens contend that the trial court erred in refusing to allow then." counsel to ask the jurors who had indicated they were State Farm policyholders if that fact would influence their verdict. They claim that their counsel needed the answers to that question in order to make an intelligent decision concerning whether to challenge those jurors for cause and to determine how to use his strikes.
Our Supreme Court has addressed this identical question in Welborn. In Welborn, the plaintiff filed a pretrial motion requesting permission to ask the following question of prospective jurors who were insured by the defendant’s insurer, which was a mutual insurance company: “[D]o you feel like you could fairly and impartially decide this case based strictly on the law and the evidence, or do you feel like you may be a little bit favorable to the insurance company that has your coverage?” 431 So.2d at 1199. During voir dire, the trial court allowed questions to identify potential jurors who were insured by the defendant’s insurer, but it refused to allow the plaintiff to ask jurors whether they would favor their insurance company. Ten members of the jury panel identified themselves as having insurance coverage from the defendant’s insurer. The plaintiff challenged all 10 for cause, and the court granted all 10 challenges.
The Welborn court noted that insurance coverage is not ordinarily permitted to be injected into the trial of the case. It also found, however, that the trial court erred in rejecting Welborn’s proposed question, explaining:
“It is also true that, while wide latitude should be accorded the parties in their *299 voir dire examination of prospective jurors touching their qualifications, interest or bias, the extent of the examination is largely discretionary with the trial court....
“The court’s discretion -is not unbounded, however. Rule 47(a), [Ala.] R. Civ. P., states: ‘Examination of jurors. The court may permit the parties or their attorneys to conduct the examination of prospective jurors or may itself conduct the examination. In the latter event, the court shall permit the parties or their attorneys to supplement the examination as may be proper.’ ...
[[Image here]]
“This Court has held that, although [Ala.Code 1975, § 12-16-150,] gives a party a challenge for cause against a juror with a financial interest in an insurance company with which a party has a policy, the party who wishes to exercise the challenge does not have to do so blindly, nor does he have to challenge for cause all such prospective jurors. Hudson v. Stripling, 261 Ala. 196, 73 So.2d 514 (1954).
“Therefore, it stands to reason that, in order to intelligently exercise his challenge, a party is entitled to more than just the information that a prospective juror has a policy with a mutual company involved in the case. The question Welborn wished to ask was properly allowed in American Pamcor, Inc. v. Evans, 288 Ala. 416, 261 So.2d 739 (1972). Similar questions were allowed in Hudson v. Stripling, supra,....
“We hold that the trial court erred in disallowing any questions beyond the mere fact that jurors were policyholders with Snider’s insurance carrier. Because this error adversely affected Wel-born’s right to trial by a competent, impartial jury, we must reverse and remand for a new trial.”
Welborn, 431 So.2d at 1201.
Welborn involved facts almost identical to the facts of this case and a proposed question almost identical to the question refused in this case. This court is bound by our Supreme Court’s holding in Welborn. We therefore reverse the trial court’s judgment and remand the cause for a new trial.
REVERSED AND REMANDED.
CRAWLEY, P.J., and THOMPSON and BRYAN, JJ., concur.
PITTMAN, J., concurs specially, with writing.

. No jurors indicated that they were officers or employees of State Farm.

. The Pedens' counsel did not challenge any other jurors for cause.